# IN THE UNITED STATES DISTRICT COURT
# FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMIN WITTES<br>SCOTT R. ANDERSON<br>P.O. Box 33226<br>Washington, D.C. 20033-3226<br><br>         Plaintiffs,<br><br>   v.<br><br>U.S. FEDERAL BUREAU OF INVESTIGATION<br>935 Pennsylvania Avenue, NW<br>Washington, D.C. 20535<br><br>         Defendant. | Civil Action No. 18-1174 |

## **COMPLAINT**

1.  Plaintiffs Benjamin Wittes and Scott R. Anderson bring this action against the Federal Bureau of Investigations ("FBI") to compel compliance with the Freedom of Information Act ("FOIA"). *See* 5 U.S.C. § 552. Plaintiffs allege as follows:

2.  On May 9, 2017, President Trump fired FBI Director James Comey. As justification for Director Comey's firing, President Trump claimed that the FBI was "in turmoil" and that he "just want[ed] somebody that's competent" to run the Bureau.

3.  The FBI administers an annual "climate survey" to its personnel. The anonymous questionnaire assesses employees' views about their "work, work environment, and the FBI as a whole."[1] In response to prior Freedom of Information Act requests, the FBI has previously released the results of the 2013, 2014, 2015, 2016, and 2017 climate surveys.[2]

---

[1] Federal Bureau of Investigation, *FBI Field Office and Headquarters Climate Survey Results*, https://vault.fbi.gov/FBI%20Field%20Office%20and%20Headquarters%20Climate%20Survey%2020Results.

[2] *Id.*

4.     The 2017 survey showed that the FBI was not "in turmoil." Rather, the survey showed that FBI personnel were satisfied with Mr. Comey's leadership.

5.     The release of the survey informed national media coverage of the Bureau. For example, *The New York Times* reported that the surveys showed that "Mr. Comey's . . . scores were consistently high in each year and in nearly every area." The surveys "show[ed] no support" for President Trump's claim that the FBI was "in turmoil."[3] And other outlets similarly reported on the survey results. *See, e.g.*, Esme Cribb, *FBI Agents Gave Comey Consistently High Marks, Counter to Trump's Claims*, Talking Points Memo (Aug. 16, 2017)[4]; Julia Manchester, *Internal Surveys Show Comey Highly Respected as FBI Leader*, The Hill (Aug. 16, 2017).[5]

6.     The FBI faced many challenges over the past year, following President Trump's decision to fire Director Comey. The President and his allies have accused specific FBI personnel of skewing investigative results, abusing surveillance authorities, and engaging in a vendetta against the President.[6] The President has also repeatedly attacked the integrity of the FBI and its agents on Twitter.

---

[3] Matt Apuzzo, *F.B.I. Agents Supported Comey, Surveys Show, Weakening Trump's Claim of Turmoil*, N.Y. Times (Aug. 16, 2017), *available at* https://www.nytimes.com/2017/08/16/us/politics/comey-fbi-agents-confidence-survey.html.
[4] *Available at* https://talkingpointsmemo.com/livewire/fbi-agents-gave-comey-high-marks-in-internal-survey.
[5] *Available at* http://thehill.com/blogs/blog-briefing-room/news/346855-fbi-surveys-comey-strong-support.
[6] *See, e.g.,* Alan Yuhas and Luke Harding, *Trump Accuses Top FBI and Justice Department Officials of Bias in Russia Investigation*, The Guardian (Feb. 2, 2018), *available at* https://www.theguardian.com/us-news/2018/feb/02/donald-trump-fbi-justice-department-russia-investigation.



Donald J. Trump (@realDonaldTrump), Twitter (Dec. 3, 2017, 5:00 AM), https://twitter.com/realdonaldtrump/status/937305615218696193?lang=en.



Donald J. Trump (@realDonaldTrump), Twitter (Feb. 17, 2018, 8:08 PM), https://twitter.com/realdonaldtrump/status/965075589274177536?lang=en.



Donald J. Trump (@realDonaldTrump), Twitter (Apr. 2, 2018, 6:58 AM), https://twitter.com/realDonaldTrump/status/980806557846863872.

7. Plaintiffs seek to understand and explain to the public how these actions affect FBI morale.  In response to an inquiry, the FBI press office has stated that the most recent FBI climate surveys were conducted in February and March 2018.

8. Plaintiffs submitted a FOIA request seeking this data because the data should provide up-to-date information on how FBI morale has changed over the past year.  But despite the Bureau's prior willingness to publicly release the results of the climate surveys, the Bureau has not released the most recent results.  Plaintiffs seek the Court's help to obtain these documents, to which they are entitled under FOIA.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

10. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

11. Plaintiff Benjamin Wittes is the editor-in-chief of *Lawfare*, an online publication published by The Lawfare Institute, a 501(c)(3) not-for-profit educational organization in cooperation with the Brookings Institution, a 501(c)(3) nonprofit public policy organization. *Lawfare* is dedicated to informing public understanding on operations and activities of the government.

12. Plaintiff Scott R. Anderson is a Senior Editor of *Lawfare* and a Fellow in Governance Studies at the Brookings Institution.

13. Plaintiffs intend to give the public access to the documents obtained through this

FOIA request on *Lawfare*'s website (www.lawfareblog.com).  Plaintiffs also intend to provide information about and analysis of the documents as appropriate.

14.    Defendant Federal Bureau of Investigation is an agency of the executive branch of the federal government of the United States.  Defendant is headquartered at 935 Pennsylvania Ave. NW, Washington, DC 20535.  Defendant has possession, custody, and control of the documents that plaintiffs seek.

## STATEMENT OF FACTS

15.    On April 5, 2018, plaintiffs sent a FOIA request to defendant seeking the following records:

> Any documents reflecting the results of Federal Bureau of Investigation (FBI) Field Office and Headquarters Climate Survey for 2018.

The request further specified:

> We understand the survey was administered between February and March 2018. You have disclosed the results of Climate Surveys for prior years on https://vault.fbi.gov/. We are requesting the same type of documents for the 2018 survey.

*See* Exhibit A (FOIA request).

16.    Plaintiffs requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) or 5 U.S.C. § 552(a)(4)(A)(ii)(II).  *Id.*

17.    Plaintiffs requested expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(e). *See* Exhibit B.  Plaintiffs' request was narrowly tailored to make it easy for the FBI to respond to it in an expedited fashion.

18.    Plaintiffs' request was submitted through defendant's Electronic FOIPA website.  On the same day that the request was submitted, plaintiffs received an email from defendant acknowledging receipt of the request.  *Id.*

19. On April 16, 2018, plaintiffs received a letter from defendant acknowledging receipt of the request and stating that plaintiffs' request for a fee waiver was under consideration. *See* Exhibit C.

20. Also on April 16, 2018, plaintiffs received a letter from defendant advising them that "unusual circumstances" for the processing of the request would "delay [the FBI's] ability to make a determination . . . within 20 days." The letter did not indicate an alternate date by which a determination would be made. *See* Exhibit D.

21. Also on April 16, 2018, plaintiff Scott Anderson sent an email to defendant requesting clarification of the reason for the processing delay, explaining "we are asking for a single internal FBI document that has been publicly disclosed in response to similar requests in prior years." *See* Exhibit E.

22. On April 17, 2018, defendant responded to plaintiffs stating that plaintiffs' request "remains in process and was not deemed overly broad." *Id.*

23. Pursuant to FOIA, within 20 business days of receipt of plaintiffs' request – for this case, that was by May 4, 2018 – defendant was required to "determine . . . whether to comply with such request" and to "immediately notify" plaintiffs of "such determination and the reasons therefor," plaintiffs' right "to seek assistance from the FOIA Public Liaison of the agency," and, in the case of an adverse determination, plaintiffs' appeal rights. 5 U.S.C. § 552(a)(6)(A)(i). In its April 16, 2018 letter, defendant stated that "unusual circumstances" for the processing of the request would "delay [the FBI's] ability to make a determination . . . within 20 days." However, defendant did not invoke the 10-day extension that can be afforded to agencies pursuant to 28 C.F.R. § 16.5(c). Even if defendant had properly invoked the 10-day extension, its response would have been due no later than May 17, 2018.

24. To date, defendant has failed to make the required determination and notifications. Nor has defendant made a determination regarding plaintiffs' request for a fee waiver.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

25. Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

26. Defendant is in violation of FOIA by failing to respond to plaintiffs' request within the statutorily prescribed time limit and by unlawfully withholding records responsive to plaintiffs' request.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court:

(1) Order defendant, by a date certain, to conduct a search that is reasonably likely to lead to the discovery of any and all records responsive to plaintiffs' request;

(2) Order defendant, by a date certain, to demonstrate that it has conducted an adequate search;

(3) Order defendant, by a date certain, to produce to plaintiffs any and all non-exempt records or portions of records responsive to plaintiffs' request, as well as a *Vaughn* index of any records or portions of records withheld due to a claim of exemption;

(4) Enjoin defendant from improperly withholding records responsive to plaintiffs' request;

(5) Order defendant to grant plaintiffs' request for a fee waiver;

(6) Grant plaintiffs an award of attorney fees and other reasonable litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E);

(7) Grant plaintiffs such other relief as the Court deems appropriate.

                                                Respectfully submitted,

Date: May 18, 2018                   /s/ *Justin Florence*
                                                JUSTIN FLORENCE (Bar No. 988953)
                                                Justin.Florence@protectdemocracy.org
                                                The Protect Democracy Project, Inc.
                                                10 Ware Street
                                                Cambridge, MA 02138
                                                Phone: 202-599-0466
                                                Fax: 929-777-8428

                                                CAMERON KISTLER (Bar No. 1008922)
                                                Cameron.Kistler@protectdemocracy.org
                                                The Protect Democracy Project, Inc.
                                                2020 Pennsylvania Ave. NW, #163
                                                Washington, DC 20006
                                                Phone: 202-997-0379
                                                Fax: 929-777-8428

                                                *Counsel for Plaintiffs*